**UNITED STATES, Appellee,**

v.

**Staff Sergeant Donald C. BALAGNA, 527–53–3498, United States Army, Appellant.**

**ACMR 8901598.**

U.S. Army Court of Military Review.

8 Nov. 1990.

---

For Appellant: Captain Timothy P. Riley, JAGC, Captain Robert C. Wee, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before De GIULIO, GRAY and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by general court-martial composed of officers. He pled not guilty to conspiracy to obstruct justice, wrongful use of marijuana, wrongful distribution of marijuana and obstruction of justice. He was found guilty of wrongful use of marijuana only. He was sentenced to a bad-conduct discharge and reduction to Private E1. The convening authority approved the sentence.

The issue before this court is:

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO DECLARE A MISTRIAL UPON TIMELY REQUEST BY DEFENSE COUNSEL, WHERE A WITNESS REVEALED TO THE PANEL MEMBERS THAT APPELLANT HAD SUBMITTED A REQUEST TO BE DISCHARGED FOR THE GOOD OF THE SERVICE PURSUANT TO ARMY REG. 635–200, ENLISTED PERSONNEL, PARA. 10 (15 JUNE 1989) [HEREINAFTER AR 635–200].

Prior to findings, appellant called Command Sergeant Major B who testified that appellant's duty performance was good. During his testimony the following occurred:

Q. Sir, were you in attendance at the Article 15 hearing that Lieutenant Colonel [A] had?

A. Yes sir; I was. I was present.

Q. And did you speak on the defense's behalf?

A. I spoke in Sergeant Balagna's behalf because I knew him in Europe; yes, sir.

Q. Would you speak on his behalf today concerning the same charges?

A. I've read a report which I happen to believe and I could not say that honestly now; no, sir.

There was no cross-examination of the witness by the prosecution. Subsequently, a written question by the president of the court was submitted and examined by counsel. No objection to the question was made by the prosecution or defense coun-

sel. The following is reflected in the record.

Questions by the Military Judge:

Q. Command Sergeant Major [B], you indicated that you'd read some report that you feel prevents you from speaking on Sergeant Balagna's behalf. Is that correct?

A. Yes, sir; I said that.

Q. All right. What report was that, if you could ...

A. That was a request for a Chapter 10 that Sergeant Balagna had put in to [sic] the—

DC. Objection, sir.

A. —through me to the Battalion Commander, which was turned down.

IDC. Your Honor, we have a motion— Could we take a short recess, Your Honor?

MJ. All right. How long?

IDC. Well, we'd request that you admonish the jury that that [sic] has no relevance in this trial whatsoever, and they should disregard it; and that's what the law is.

MJ. Well, the court is advised that—as Mr. [Z] indicated, the answer that the Command Sergeant Major gave regarding the report in question has no relevance to this trial, and you should not draw any adverse inference against Sergeant Balagna in any way because of the fact that particular report came up.

Can all the court members abide by that instruction?

(All affirmative gestures from the court members.)

MJ. Does that satisfy you, Mr. [Z]?

IDC. Yes, Your Honor; thank you.

MJ. Okay.

After the recess the defense counsel moved for a mistrial on the basis that the court members should know that a request for a discharge, under Chapter 10, requires an admission of guilt and that a curative instruction to the court members was not sufficient to cure the error. The military judge denied the motion. At the request of defense counsel and during instructions on findings, the military judge instructed the court members to disregard that portion of Command Sergeant Major B's testimony.

Before us, appellant contends that the military judge erred in denying the motion. We disagree with appellant and affirm.

AR 635–200, para. 10–1 contains the provision for discharge in lieu of trial by court-martial and is commonly called a "Chapter 10". Paragraph 10–2c of that regulation requires that a person requesting a "Chapter" must admit guilt to the offenses charged or of a lesser included offense. AR 635–200, para. 10–2c. In order not to discourage submission of Chapter 10 requests, paragraph 10–10 provides that statements by the soldier or the soldier's counsel submitted with a request are not admissible against a soldier in a court-martial except as authorized under Manual for Courts–Martial, United States, 1984, Mil.R. Evid. 410 [hereinafter MCM, 1984, Mil.R. Evid. 410].[1]

■ A mistrial is a drastic remedy to be granted only when manifestly necessary to preserve the ends of justice. *United States v. Jeanbaptiste*, 5 M.J. 374, 376 (C.M.A.1978). A mistrial may be declared whenever circumstances arise which cast substantial doubt upon the fairness or impartiality of the trial. *United States v. Waldron*, 36 C.M.R. 126, 129 (C.M.A.1966). The receipt of improper evidence can be the basis for a mistrial. *United States v. Johnpier*, 30 C.M.R. 90, 93 (C.M.A.1961). Normally, the receipt of improper evidence can be cured by other remedies. *United States v. Patrick*, 24 C.M.R. 22, 26 (C.M.A. 1957). Ordinarily, an error in admitting evidence can be cured by striking it and instructing the court to disregard it. *Id.* Giving a curative instruction rather than declaring a mistrial is the preferred remedy for curing error when court members have heard inadmissible evidence so long as the

---

1. Military Rule of Evidence 410 does not authorize the admission of the statement in this instance. Military Rule of Evidence 410 protects an individual against later use of a statement which was required to be submitted with a request for administrative discharge. MCM, 1984, Mil.R.Evid. 410 analysis, app. 22, at A22–33.

**828**

curative instruction avoids prejudice to the accused. *United States v. Rushatz,* CM 8800534 (C.M.A. 28 Sep. 1990).

 In the case before us, the military judge elected to give a curative instruction. We find no extraordinary circumstances which indicate that the impact of the testimony in question could not be erased from the minds of the court members. In the absence of clear and convincing evidence to the contrary, we presume that the members followed their instructions. *See United States v. Ricketts,* 1 M.J. 78 (C.M.A. 1975). We find no such evidence. Indeed, the findings of not guilty of several offenses tends to indicate that the members followed the instructions. The military judge properly denied the motion for a mistrial.

The allegations made personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982) are without merit. The findings of guilty and the sentence are affirmed.

Judge GRAY and Judge VARO concur.