**UNITED STATES, Appellee,**

v.

**Specialist Christian J. BERNER, 432–31–6575, United States Army, Appellant.**

**ACMR 8902410.**

U.S. Army Court of Military Review.

17 Jan. 1991.

---

For Appellant: Captain Brian D. Bailey, JAGC, Captain Edward T. Keable, JAGC (on brief).

---

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Jonathan F. Potter, JAGC, Major John L. Ross, JAGC, USAR (on brief).

Before De GIULIO, CORRIGAN and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial consisting of officers and enlisted members. Contrary to his pleas, he was found guilty of possession of marijuana with intent to distribute in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. V 1987) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for four years, total forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence except he reduced the confinement to three years.

Appellant alleges that the specification fails to state an offense under the Uniform Code of Military Justice in that it does not allege the necessary element of wrongfulness. We find the specification sufficient and affirm the findings of guilty and sentence.

Appellant was charged with the following specification: "In that Specialist Christian J. Berner, U.S. Army, 520th Maintenance Company, 194th Maintenance Battalion, did, at Anjung-ri, Korea, on or about 14 March 1989, possess 96.42 grams of marijuana, with intent to distribute said marijuana."

Appellant pled not guilty and defended against the allegation. He objected to the sufficiency of the specification for the first time in his post-trial submission pursuant to Rule for Courts–Martial 1105.

In *United States v. Brice*, 38 C.M.R. 134 (C.M.A.1967), the Court of Military Appeals held that a specification for attempted sale of marijuana which omitted the word "wrongfully" was insufficient to state an offense because it lacked words of criminality or an allegation as to intent or state of mind. The rule of strictly pleading criminal offenses in accordance with the form specifications in the Manual for Courts–Martial started to erode in *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986). In that case, the appellant was charged with being absent without authority in violation of Article 86, UCMJ. However, the specification failed to allege "without authority." The Court stated, "[w]here, as here, the specification is not so defective that it 'cannot within reason be construed to charge a crime,' the accused does not challenge the specification at trial, pleads guilty, has a pretrial agreement, satisfactorily completes the providence inquiry, and has suffered no prejudice, the conviction will not be reversed on the basis of defects in the specification." *Id.* at 210. The Court also stated, "[a] flawed specification first challenged after trial, however, is viewed with greater tolerance than one which was attacked before findings and sentence.... (citations omitted) ... [W]e choose to follow the rule of most federal courts of liberally construing specifications in favor of validity when they are challenged for the first time on appeal." *Id.* at 209.

The holding in *Watkins* was applied to an attempt to distribute drugs case where the element of wrongfulness was omitted from the specifications. *United States v. Brecheen*, 27 M.J. 67 (C.M.A.1988). In that case, the Court stated, "[w]e have serious doubt, however, whether that interpretation of our opinion [Brice] should control our decision in the present case. Since the time of *Brice*, drug offenses have been expressly prohibited by a codal provision, Article 112a, and pleading practice is less strictly prescribed by R.C.M. 307(c)(3)." (Citation omitted.) *Id.* at 68. In *United States v. Bryant*, 30 M.J. 72 (C.M.A.1990), *Watkins* and *Brecheen* were applied by the Court of Military Appeals to a not guilty plea case.[1] In *Bryant*, the element of

---

1. This court, in *United States v. Morris*, 30 M.J. 1221, 1227 (A.C.M.R.1990) applied the "greater tolerance" test of *Watkins* to a specification to which a not guilty plea had been entered, even

'wrongfulness' was omitted in an allegation of conspiracy to distribute controlled substances and the defective specification was raised at trial prior to pleas. Although the Court found criminality was sufficiently expressed in this case, the Court noted that the Sixth Amendment requires that an accused be afforded adequate notice of the offense with which he is charged. The Court also noted that the Fifth Amendment requires that an accused be protected from further prosecution of the same offense. *Id.* 73. The Court concluded, "although the Additional Charge and specifications were challenged at trial, thus requiring greater scrutiny on appeal, the result is still that the pleadings adequately informed appellant of the offense against which he had to defend." *Id.* at 75.

■■■ In the case *sub judice*, appellant was on notice of the offense against which he had to defend. Indeed, throughout the trial, he defended against the charge as if it alleged every element of the offense under Article 112a, UCMJ, including the permissive inference of wrongfulness from the allegation of possession of marijuana with intent to distribute. *See United States v. Harper*, 22 M.J. 157 (C.M.A.1986). There is no doubt that the record will protect appellant from further prosecution for this offense. Under the circumstances, we find the accused suffered no prejudice from the defective specification.[2] Therefore, we hold that where an accused does not challenge a specification at trial, defends against it throughout the trial and suffers no prejudice, the specification is sufficient to withstand a challenge raised for the first time after trial.

though there was no allegation of a defective specification before this court. In *United States v. Johnson*, 30 M.J. 930 (A.C.M.R.1990), it was held that waiver applied to a defective specification under the circumstances of that case.

**2.** Our holding in this case should not be construed as condoning careless pleadings. We repeat the Court of Military Appeals' admonition in *Bryant* that,

[i]t is beyond ... understanding that a ... [prosecutor] would undertake to draw ... [a charge] without having before him the statute

Appellant raises several allegations of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). Although we find no error, two allegations merit comment. Appellant alleges ineffective assistance of trial defense counsel. Pursuant to *United States v. Burdine*, 29 M.J. 834 (A.C.M.R.1989), appellant was given an opportunity to submit an affidavit supporting his allegations. The government was ordered to obtain and submit an affidavit by trial defense counsel concerning the matter. We have considered all matters, to include the affidavits and find that trial defense counsel met the standard of effectiveness set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). We have also examined appellant's allegation that the military judge should have directed a mistrial when the judge discovered that the accused has pled guilty to a charge that was not referred to trial. We find no prejudice because the military judge's instructions, to which appellant agreed, cured any possible error. *See United States v. Balagna*, 31 M.J. 825 (A.C.M.R.1990).

We have examined other allegations of error raised personally by appellant and find they are without merit.

The findings of guilty and the sentence are affirmed.

Judge CORRIGAN concurs.*

VARO, Judge, dissenting:

I respectfully dissent from the majority determination that the charge and its specification are sufficient.

which defines the offense, or, having the statute before him could be so careless as to omit allegations meeting the statutory definition of one of the essential elements of the crime. *Bryant*, 30 M.J. at 74 citing *United States v. Hooker*, 841 F.2d 1225, 1232 (4th Cir.1988) (en banc). We are also at a loss, as the Court was in *Bryant*, to understand why the military judge did not order the government to amend the Charge. *See Bryant*, 30 M.J. at 74 (n. 3).

* Judge Dennis M. Corrigan took final action on this decision prior to his reassignment.

As drafted, the specification fails to allege the essential element of wrongfulness and thus does not state an offense. *United States v. Brice*, 38 C.M.R. 134 (C.M.A. 1967). The Court of Military Appeals has modified its application of the strict standard of *Brice* for cases in which the appellant has pled guilty and first challenges the specification on appeal, upholding such specifications unless (they) "cannot within reason be construed to charge a crime." *United States v. Watkins*, 21 M.J. 208, 210 (C.M.A.1986); *United States v. Brecheen*, 27 M.J. 67, 68 (C.M.A.1988). The court has most recently reiterated its position on this matter in *United States v. Bryant*, 30 M.J. 72 (C.M.A.1990). Even applying the "maximum liberality" allowed by *Watkins, Brecheen*, and *Bryant*, I believe the specification still fails to state an offense.

In its response to the assignment of error, the government asserts that the case at bar meets the tests of *Brecheen* and *Bryant* with regard to notice of criminality. I disagree as there are significant factual differences between the cases. In *Brecheen*, the Court of Military Appeals found sufficient notice of criminality to the appellant because the specification in question included the words "controlled substance." Similarly, in *Bryant*, that Court's determination centered on the conspiratorial nature of the offense. "As this was a conspiracy charge, however, the gist of the offense was the agreement.... Appellant was given express notice that the object of the conspiracy was the violation of a federal statute, a provision of the Uniform Code of Military Justice." *Bryant*, 30 M.J. at 74.

The *Watkins* standard for liberal review is taken in part from the federal standard as expressed by the Sixth Circuit in *United States v. Hart*, 640 F.2d 856 (6th Cir.1981), *cert. denied*, 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981):

> [U]nless the defendant can show prejudice, a conviction will not be reversed where the indictment is challenged only after conviction *unless the indictment cannot within reason be construed to charge a crime.*

*Watkins*, 21 M.J. at 210 *citing Hart* 640 F.2d at 857–58. (emphasis added).

Addressing the language of the specification herein challenged, the majority opinion holds in part that the words "with intent to distribute" are sufficient notice of criminality to the appellant. I disagree. These words present no more criminality on their face than do the words "possess 96.42 grams." Further, while the amount possessed is large, it also does not represent notice of criminality. The challenged specification contains absolutely no words which can be construed to charge a crime. Therefore, even under the relaxed standards of *Watkins* and *Bryant*, there is neither a requirement nor a basis for this court to test for prejudice in determining whether the appellant is entitled to relief. *Hart*, 640 F.2d at 857–58. *See also United States v. Thompson*, 356 F.2d 216, 226 (2d Cir.1965), *cert. denied*, 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966); *United States v. Bryant*, 30 M.J. 72, 73 (C.M.A. 1990).