# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL A. GARNER**
**United States Army, Appellant**

ARMY 20080401

United States Army Transportation Center and School and Fort Eustis
Theresa Gallagher, Military Judge
Lieutenant Colonel Francis P. King, Staff Judge Advocate (pretrial)
Lieutenant Colonel Timothy J. Cody, Staff Judge Advocate (recommendation and addendum)

For Appellant:  Cate OCallahan, Esquire (argued); Captain John L. Schriver, JA; Captain Tiffany K. Dewell, JA; Captain Michael E. Korte, JA; Cate OCallahan, Esquire; Anita Gorecki, Esquire (on brief).

For Appellee:  Captain Kenneth W. Borgnino, JA (argued); Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

29 November 2011

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military panel comprised of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of desertion, disobeying a lawful order, rape, sodomy, possession of child pornography, and indecent assault in violation of Articles 85, 90, 120, 125, and 134 of the Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 885, 890, 920, 925, and 934.  The panel sentenced appellant to be dishonorably discharged, to be confined for life with the possibility of parole, to forfeit all pay and allowances, and to be reduced to the grade of Private E1.  The convening authority approved the sentence as adjudged and credited appellant with 338 days of confinement against the sentence to confinement.  The convening authority waived the automatic forfeiture of all pay and allowances for a period of six months, effective 17 July 2009.

This case is before us for review pursuant to Article 66, UCMJ. Before this court, appellant alleges two assignments of error, both of which merit discussion but no relief. Additionally, in light of our superior court's recent decision in *United States v. Fosler*, 70 M.J. 225, 226 (C.A.A.F. 2011), we will also examine the government's failure to allege the terminal elements of Article 134, UCMJ in Specification 1 of Charge III.

## LAW AND DISCUSSION

### Ineffective Assistance of Counsel

In his first assignment of error, appellant argues that he received ineffective assistance of counsel. We disagree.

When raising a claim of ineffective assistance of counsel, appellant has the burden of overcoming the presumption that his counsel are competent. *United States v. Saintaude*, 56 M.J. 888, 892 (Army Ct. Crim. App. 2002). Appellant must show counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. He must also establish that those deficiencies resulted in prejudice to him. This normally amounts to a showing that, but for the deficient performance, the outcome would have been different. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009), *citing Strickland v. Washington*, 466 U.S. 668 (1984).

Appellant claims his trial defense counsels' performance was deficient in the pre-sentencing phase of his court-martial because they called no witnesses and presented no documentary evidence. After reviewing the affidavits submitted by the trial defense counsel and assistant trial defense counsel, as well as the content of the proffered testimony of the witnesses that appellant argues should have been called, we are convinced that appellant's counsel made a reasonable tactical decision in limiting the defense case in mitigation to appellant's brief unsworn statement.[1] Within the context of the nature of the charges and specifications of which appellant had just been convicted, we see no value whatsoever in calling relatives and family members as witnesses or submitting statements from them to indicate they believed appellant was a good family man and/or that they held derogatory opinions of the victim and her brother. Likewise, the calling of military witnesses to testify as to appellant's military service when appellant had previously received an Other Than Honorable Discharge would have had little or no positive impact on appellant's sentence and risked opening the door to damaging rebuttal evidence.

---

[1] Our review of the affidavits of the trial defense counsel indicates that the tactical decisions in regard to the pre-sentencing case were based upon numerous witness interviews and other pre-trial preparation.

Additionally, we note that the record of trial reflects that appellant's defense team was active and effective during the pre-sentencing phase of his court-martial. In addition to arranging for appellant to give a brief unsworn statement, defense counsel effectively cross-examined government witnesses and successfully objected to the admission of harmful testimonial and documentary evidence offered by the government. Appellant's defense counsel also successfully objected to trial counsel's sentencing argument on three separate occasions as the trial counsel was encouraging the panel to sentence appellant to confinement for life without the possibility of parole. Thereafter, the assistant defense counsel persuasively argued that life without parole would effectively preclude the possibility of appellant ever being rehabilitated, and ultimately prevented the imposition of the government's requested sentence.

Accordingly, under the unique facts of this case, we find that defense team's performance constituted "reasonably effective assistance, an objective standard to be measured 'under prevailing professional norms.'" *United States v. Dorsey*, 30 M.J. 1156, 1159 (A.C.M.R. 1999), *quoting Strickland*, 466 U.S. at 688. This being the case, counsel's performance was proper and adequate under the circumstances and we need not reach the question of prejudice. *Mazza,* 67 M.J. at 474.

### Images of "a Child" as opposed to Images of "Children"

In his second assignment of error, appellant notes that he was convicted of possessing unlawful "images of children" when in fact all 59 of the charged images were of the same child. Accordingly, appellant requests that this court "correct the language of Specification 2 of Charge III to accurately reflect the evidence." We agree and will take corrective action in our decretal paragraph.

### Failure to Plead Terminal Elements of Article 134, UCMJ

Although not raised by the appellant, we note that Specification 1 of Charge III fails to specifically allege at least one of the three clauses commonly referred to as the "terminal element" of Article 134.[2] The three clauses are: that the accused's conduct was (1) "to the prejudice of good order and discipline," (2) "of a nature to bring discredit upon the armed forces," or (3) a "crime[ or] offense[ ] not capital." Article 134, UCMJ, 10 U.S.C. § 934. *United States v. Fosler*, 70 M.J. 225, 226 (C.A.A.F. 2011).

Although appellant pleaded not guilty to all of the charges and specifications, to include Specification 1 of Charge III, he neither objected to the absence of the

---

[2] Appellant's pleadings were filed and oral arguments were heard before this court prior to the publication of the decision of the Court of Appeals for the Armed Forces in *United States v. Fosler,* 70 M.J. 225 (C.A.A.F. 2011).

terminal elements in that specification, nor objected to their absence in his post-trial submissions to the convening authority or in his pleadings before this court. As evidenced by his otherwise vigorous defense against all of the charges, we see no indication that he was misled by the failure to include the terminal elements.[3] Likewise, appellant is in no danger of double jeopardy in regard to the offense at issue.

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). Together, the charge and specification must "alleg[e], either expressly or by implication, every element of the offense, so as to give the accused notice and protection against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Where a charge and specification are not challenged at trial, however, their language is to be liberally construed. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011)(citing *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)). This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

Because the charge and its specification are being reviewed for failure to state an offense for the first time, we view the charge and specification "with greater tolerance" than a charge and specification which were "attacked before findings and sentence." *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A. 1986). A charge and specification initially challenged on appeal, while being liberally construed, will not be held invalid "absent a clear showing of substantial prejudice to the accused -- such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Watkins* at 209-210 (quoting *United States v. Thompson*, 356 F.2d 216, 226 (2d Cir. 1965), *cert. denied*, 384 U.S. 964 (1966)) (internal quotation marks omitted).

As a result, we will not set aside the indecent assault specification in this case without a clear showing of substantial prejudice. Such a showing has not been made. Accordingly, we find that Specification 1 of Charge III, when liberally construed, states an offense.

---

[3] Additionally, we note that the language of Specification 1 of Charge III clearly embraces an allegation of conduct that is both prejudicial to good order and discipline and service discrediting in that Specification 1 alleges that appellant at or near Fort Story, Virginia, committed an indecent assault upon his under-aged biological daughter by fondling her breasts with the intent to gratify his sexual desires.

## CONCLUSION

On consideration of the entire record, to include the submissions of the parties, oral arguments, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the court affirms only so much of the finding of guilty of Specification 2 of Charge III as finds that appellant did, on divers occasions between 1 December 2006 and 31 December 2006, at Fort Story, Virginia, wrongfully and knowingly view or possess child pornography, depicting images of a child that was or appeared to be under the age of 18, engaged in sexual acts, including: pictures of his biological daughter, S.R.G., a person under the age of 18, in various stages of undress, posed in a lewd or lascivious manner and engaged in fellatio, which conduct, under the circumstances, was to the prejudice of good order in the armed forces, or was of a nature to bring discredit upon the armed forces. The remaining findings of guilty are affirmed.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5