# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class DAVID J. WATSON, JR.**
**United States Army, Appellant**

ARMY 20100930

Headquarters, United States Army Special Forces Command (Airborne)
Gary J. Brockington and Karin G. Tackaberry, Military Judges
Colonel Steven B. Weir, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain Jennifer A. Parker, JA; Captain Matthew T. Grady, JA.

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Michael J. Frank, JA.

31 January 2012

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

ALDYKIEWICZ, Judge:

A military judge, sitting as a general court-martial, convicted appellant pursuant to his pleas of one specification of an indecent liberties with a child and one specification of an indecent act with a child, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 (2008) and 934 (2007)[1]

---

[1] The Article 134, UCMJ offense "Indecent acts or liberties with a child" covered misconduct, as alleged, between 21 June 2007 and 22 September 2007, a period of time pre-dating the amendment to Article 120, UCMJ, which deleted "Indecent acts or liberties with a child" as an Article 134, UCMJ offense effective 1 October 2007. *See Manual for Courts-Martial*, *United States* (2005 ed.) [hereinafter *MCM*, 2005]

(continued . . .)

[hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, confinement for eight years, and reduction to the grade of Private E1. Pursuant to a pretrial agreement, the convening authority disapproved the discharge but otherwise approved the remainder of the sentence.[2]

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, both of which merit discussion but no relief. The first assignment of error alleges the Article 134, UCMJ specification is defective and fails to state an offense because it does not allege the terminal element for a clause 1 or clause 2 violation.[3] The second assignment of error is that appellant's sentence to eight years' confinement is "inappropriately and disproportionately severe."

## Assignment of Error I – *Fosler* Issue

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, 70 M.J. 550, 552 (Army Ct. Crim. App. 2011) (citing *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006)).

As noted by our superior court:

> The military is a notice pleading jurisdiction. *United States v. Sell*, 3 C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953). A charge and specification will be found sufficient if they, "first, contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and, second, enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct.

---

(. . . continued)
Part IV, para. 87.b., *deleted by* Exec. Order No. 13447, 72 Fed. Reg. 56179 (Sep. 28, 2007).

[2] The appellant was credited with forty-eight days of confinement credit. Additionally, the convening authority deferred the automatic forfeitures from 17 December 2010 until action (10 February 2011). At action, the convening authority waived the automatic forfeitures for a period of six months for the benefit of appellant's dependents with forfeitures waived to be paid to appellant's spouse, Ms. LW.

[3] The terminal element for a clause 1 and clause 2, Article 134, UCMJ violation is that the alleged conduct was "to the prejudice of good order and discipline" or "conduct of a nature to bring discredit upon the armed forces" respectively. *See MCM*, 2005, Part IV, para. 60.c.

> 2887, 41 L.Ed.2d 590 (1974); *see also United States v. Resendiz–Ponce*, 549 U.S. 102, 108, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007) (citations and quotation marks omitted); *United States v. Sutton,* 68 M.J. 455, 455 (C.A.A.F. 2010); *United States v. Crafter,* 64 M.J. 209, 211 (C.A.A.F. 2006); *Sell,* 3 C.M.A. at 206, 11 C.M.R. at 206. The rules governing court-martial procedure encompass the notice requirement: "A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication." R.C.M. 307(c)(3).

*Fosler*, 70 M.J. at 229 (holding an adultery charge failed to state an offense where it neither expressly nor impliedly alleged the terminal elements for a clause 1 or clause 2 Article 134, UCMJ offense, appellant objected at trial to the pleading, and appellant contested the charge and specification at issue). *See also Roberts*, 70 M.J. at 553; *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994).

Charges and specifications first challenged on appeal, even where an appellant pleaded not guilty, are liberally construed. *Roberts*, 70 M.J. at 553 (citing *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986)); *see also United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991). Additionally, an appellant's "standing" to challenge the pleading following a knowing and voluntary guilty plea thereto is diminished. *Roberts*, 70 M.J. at 553. Absent an objection at trial, we will not set aside a specification unless it is "'so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had.'" *Id* (citing *United States v. Watkins*, 21 M.J. 208, 209-210) (quoting *United States v. Thompson*, 356 F.2d 216, 226 (2d Cir.1965), cert. denied, 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966)) (internal quotation marks omitted).

Unlike *Fosler*, the procedural posture and facts of appellant's case are notably different, resulting in a different outcome. The pleading itself alleged a violation of Article 134, UCMJ entitled "Indecent acts or liberties with a child," a title that necessarily implies service-discrediting behavior. Appellant did not object to the pleading. The action taken by appellant and made criminal by Article 134 was his placing his four-year old daughter's hand on his penis until he ejaculated. The stipulation of fact signed by appellant and counsel, dated 10 September 2010, was apparently entered into over two months before trial and specifically documented that appellant's actions were both prejudicial to good order and discipline and service discrediting. Additionally, the military judge fully defined prejudicial and service-discrediting conduct, appellant stated he understood the defined terms, and appellant agreed and explained why his conduct was prejudicial to good order and discipline and service discrediting.

The pleading was sufficient to place appellant on notice of the offense charged and the specification as written, and pleaded to, necessary implied conduct that, at a minimum, was service discrediting—the terminal element for a "clause 2" Article 134, UCMJ offense. *See United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element); *see also United States v. Berner*, 32 M.J. 570 (A.C.M.R. 1991); *United States v. Watkins*, 21 M.J. 208 (C.M.A. 1986). Finally, the pleading and the record of trial sufficiently protect appellant from a double jeopardy perspective.

## Assignment of Error II – Severity of Sentence Issue

In support of appellant's second assigned error, he cites to "[s]everal similar cases . . . where a Soldier received less confinement than appellant."[4]

Sentence appropriateness is reviewed de novo. *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)(citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A.1990)); *see also*, *United States v. Aguilar*, 70 M.J. 563, 567 (A.F. Ct. Crim. App. 2011). In determining appropriateness, an exercise of a service court's Article 66, UCMJ authority, the court looks to the character of the offender, the nature and seriousness of the offenses, and the entire record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Ransom*, 56 M.J. 861, 865 (Army Ct. Crim. App. 2002); *United States v. Triplett*, 56 M.J. 875, 885 (Army Ct. Crim. App. 2002).

Sentence comparison, unlike sentence appropriateness, is required only in "'those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). *See also United States v. Wacha*, 55 M.J. 266, 267 (C.A.A.F. 2001); *Ransom*, 56 M.J. at 865; *Triplett*, 56 M.J. at 885. The burden is on the appellant seeking relief to show that his or her case is "closely related" to the cited cases and that the sentences are "highly disparate." *Lacy*, 50 M.J. at 288. *See also United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001); *Ransom*, 56 M.J. at 866. Once met, the burden shifts to the government to show a rational basis for the disparity. *Lacy*, 50 M.J. at 288. *See also Sothen*, 54 M.J. at 296; *Ransom*, 56 M.J. at 866.

In the case at bar, appellant acted alone and without any co-accused or co-actors. No one other than appellant was prosecuted or even faced prosecution, whether by military or civilian authorities, based on the facts surrounding

---

[4] Defense Appellate Brief at 16.

appellant's indecent acts or liberties with his two minor daughters. The cases cited by appellant are simply not "closely related" to his. The cases do not involve "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Lacy*, 50 M.J. at 288. While the factors articulated in *Lacy* to assess "closely related[ness]" are not all inclusive, the only common thread between appellant's case and those he cites are they all involve acts of indecency directed at a minor child. Appellant falls far short of meeting his burden to establish that his case is "closely related" to the cited cases triggering any requirement to engage in sentence comparison. Having failed to meet this initial burden, this Court need not address disparity among the cited cases or whether a rational basis exists for appellant's sentence vis-à-vis the cited cases.

The issue of sentence appropriateness focuses on whether appellant received "individualized consideration" based on his character and the nature and seriousness of the offenses. *Snelling*, 14 M.J. at 268; *Ransom*, 56 M.J. at 865; *Triplett*, 56 M.J. at 885. A review of the entire record reveals significant effort on the part of the defense to highlight: the appellant's twenty years of military service; his multiple deployments; his rehabilitative potential; the impact appellant's absence was having on his family; the isolated nature of the two incidents; the fact that alcohol was involved in at least one incident, albeit not rising to a defense; the low probability of recidivism; the fact that appellant was physically and sexually abused at age eleven; and appellant's remorse, all facts presented to the sentencing authority. Additionally, the convening authority was apprised, through appellant's Rule for Courts-Martial 1105 and 1106 submissions, of the above (e.g., the significant case in extenuation and mitigation presented at trial, appellant's character, the isolated nature of the offenses for which he was convicted, etc.).

There can be no doubt that the sentencing authority, as well as the convening authority, were presented with and considered appellant's extenuation and mitigation as well as the egregious and heinous nature of appellant's conduct (i.e., placing his four-year-old daughter's hand on his penis until he ejaculated and having a graphic and sexually explicit conversation with his fifteen-year old daughter focused on her mother's sexual activities as well as the daughter's future sexual potential and prowess).

The maximum period of confinement appellant faced was twenty-two years, yet he was only sentenced to eight, thirty-six percent of the maximum. The eight year sentence was two years less than the ten year confinement limitation appellant agreed to in his pretrial agreement. Moreover, the convening authority, pursuant to appellant's pretrial agreement, disapproved the adjudged discharge, making an active duty retirement a viable option for appellant despite his conviction for offenses that require him to register as a sex offender.

After considering the submissions of counsel, appellant's military record, to include a relief for cause noncommissioned officer evaluation report and removal from the E8 promotion list for an incident unrelated to appellant's conviction, and all the facts and circumstances surrounding the offenses for which he was found guilty, appellant's adjudged sentence is appropriate. While reasonable minds might disagree regarding the severity of appellant's sentence, that is not the standard for relief. Appellant's case is not "closely related" to any other cases triggering a need to compare sentences and appellant received individualized consideration by the sentencing authority, the convening authority, and this Court. Any reduction in sentence by this Court would be tantamount to granting clemency, a power vested in the convening authority and others, such as the Service Secretary, but not the appellate courts. *See* Articles 60, 71, 74, UCMJ; *see also United States v. Nerad*, 69 M.J. 138, 145-147 (C.A.A.F. 2010); *United States v. Harris*, 43 M.J. 652, 654 (Army Ct. Crim. App. 1995); *United States v. Merz*, 50 M.J. 850, 851 (N-M. Ct. Crim. App. 1999).

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge KERN and Judge YOB concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court