# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BOBBY D. MORRISSETTE**
**United States Army, Appellant**

ARMY 20090166

7th Army Joint Multinational Training Command
Timothy Grammel, Military Judge
Lieutenant Colonel Jonathan Howard, Acting Staff Judge Advocate

For Appellant:  Captain Barbara Snow-Martone, JA (argued); Major Bradley Voorhees, JA; Captain Jeremy Stephens, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA.

For Appellee:  Captain Kenneth W. Borgnino, JA (argued); Captain Chad M. Fisher, JA; Captain Kenneth W. Borgnino, JA (on brief).

10 May 2012

----------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
----------------------------------------------------------------------

Per Curium:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of disobeying a commissioned officer, wrongful use of a controlled substance, obstructing justice (two specifications), participating in a gang initiation (two specifications), and indecent acts in violation of Articles 90, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 912a, 934 (2006) [hereinafter UCMJ].  Appellant was sentenced to a bad-conduct discharge and confinement for forty-two months.  The convening authority approved the adjudged sentence.

On 22 December 2010, we set aside and dismissed the Specification of The Additional Charge and The Additional Charge (wrongful use of a controlled substance), affirmed the remaining findings of guilty, and reduced appellant's approved sentence to confinement by one month.  On 24 January 2012, the Court of Appeals for the Armed Forces affirmed our decision, except with regard to the

findings of guilty to Charge III, Specifications 4, 5, and 6 and the sentence, which they remanded for our consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Specifications 4 and 5 are obstruction of justice offenses and Specification 6 is an indecent acts offense. As a result of the remand, appellant's case is once again before this court for review under Article 66, UCMJ.

Reviewing this case in light of *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012); *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011); *United States v. Girouard*, 70 M.J. 5 (C.A.A.F. 2011); *United States v. Fox*, 34 M.J. 99 (C.M.A. 1992); *United States v. Watkins*, 21 M.J. 208 (C.M.A. 1986); and *United States v. Berner*, 32 M.J. 570 (A.C.M.R. 1991), we find no prejudice to appellant and no relief warranted with regards to the findings of guilty to Specifications 4, 5, and 6 of Charge III.

On consideration of the entire record, the assigned errors, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and in light of the holdings in the cases relevant to the issues raised by *Fosler*, the findings of guilty for Specifications 4, 5, and 6 of Charge III are affirmed. Reassessing the sentence on the basis of the Specification of The Additional Charge and The Additional Charge being previously set aside and dismissed, the entire record, and the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), including Judge Baker's concurring opinion, we affirm only so much of the sentence as provides for a bad-conduct discharge and confinement for forty-one months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court