# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and MAGGS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist MAC D. WARNER**
**United States Army, Appellant**

ARMY 20100398

Headquarters, V Corps
Wendy P. Daknis, Military Judge
Colonel Flora D. Darpino, Staff Judge Advocate (pretrial)
Lieutenant Colonel Matthew M. Miller, Acting Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on brief).

For Appellee: Major Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

24 May 2012

--------------------------------
SUMMARY DISPOSITON
--------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of aggravated sexual contact with a child, and two specifications of indecent language, in violation of Articles 120 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (2008) [hereinafter UCMJ]. Appellant was sentenced to a dishonorable discharge, confinement for eighteen months, total forfeiture of all pay and allowances, and reduction in rank to E-1. The convening authority (CA) approved the adjudged sentence. The CA deferred forfeitures effective 25 May 2010 until action on 22 Oct 2010. This case is before this court for review pursuant to Article 66, UCMJ.

## DISCUSSION

Specifications 4 and 7 of Charge II concern appellants communication of indecent language. Appellants sole assignment of error on appeal is that these specifications failed to state an offense under Article 134, UCMJ, because they did not allege expressly that appellant's conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the Armed Forces. Trial defense counsel did not raise this objection to the specifications in pretrial proceedings, at trial, or in the post-trial Rule for Courts-Martial [hereinafter R.C.M.] 1105 submission. Although defense counsel did challenge specification 7 of Charge II in a pretrial motion, the ground for the challenge was only that the language used was not indecent. *See* Pretrial Motion to Dismiss (Failure to State a Claim), Appellate Exhibit XIII, at 3. Defense counsel did not challenge specification 4 of Charge II on any grounds. We have reviewed this assignment of error in light of *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012); *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011); *United States v. Fox*, 34 M.J. 99 (C.M.A. 1986); *United States v. Watkins*, 21 M.J. 208 (C.M.A. 1986); and *United States v. Berner*, 32 M.J. 570 (A.C.M.R. 1991). Although the specifications were defectively stated, we find no prejudice because appellant had notice and demonstrated actual knowledge that the government was required to prove one or both of the alternative terminal elements of Article 134, UCMJ. Trial defense counsel specifically identified the alternative terminal elements in the pretrial motion cited above and in a motion for a finding of not guilty at the close of the government's case. Trial defense counsel also asserted that the government had failed to prove the element in closing argument. We therefore conclude that no relief is warranted.

## CONCLUSION

We have considered appellant's assignment of error, and those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), in our review of the record and find them to be without merit. The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court