# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JEFFREY W. SWARTZ**
**United States Army, Appellant**

ARMY 20091041

U.S. Army Combined Arms Support Command and Fort Lee
Denise R. Lind, Military Judge (arraignment)
Stephen R. Henley, Military Judge (trial)
Colonel Paul E. Kantwill, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Tiffany K. Dewell, JA (on original brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on supplemental brief).

For Appellee: Major Amber J. Williams, JA; Major Lajohnne A. White, JA (on original brief and supplemental brief).

29 May 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of solicitation to commit premeditated murder, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. Appellant was sentenced to a dishonorable discharge, confinement for five years, and reduction in rank to Private E1. This case is before us for review pursuant to Article 66, UCMJ.

Appellant's first assignment of error alleges the evidence is both factually and legally insufficient to sustain appellant's conviction for solicitation to commit premeditated murder. Appellant's supplemental assignment of error alleges the specification for which he was convicted, a violation of Article 134, UCMJ, failed to

state an offense because the specification failed to expressly allege a clause 1 or clause 2 terminal element (i.e., that the solicitation was conduct "to the prejudice of good order and discipline in the armed forces" or conduct "of a nature to bring discredit upon the armed forces").[1] Both allegations lack merit, therefore no relief is warranted. With regards to appellant's supplemental assignment of error, this Court finds omission of the terminal element from the pleading resulted in no prejudice to appellant. In arriving at the conclusion of no prejudice warranting relief, this Court specifically considered the following cases: *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012); *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011); *United States v. Girouard*, 70 M.J. 5 (C.A.A.F. 2011); *United States v. Fox*, 34 M.J. 99 (C.M.A. 1992); *United States v. Watkins*, 21 M.J. 208 (C.M.A. 1986); and *United States v. Berner*, 32 M.J. 570 (A.C.M.R. 1991).

In addition to the two assignments of error and those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant submitted, during the pendency of his appeal, two pro-se petitions for a new trial dated 6 May 2010 and 2 April 2011 respectively, citing "newly discovered evidence" and "fraud on the court-martial" as the basis for his request. *See* Rule for Courts-Martial 1210(f). Both petitions lack merit, therefore no relief is warranted.

On consideration of the entire record, the assigned errors, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED. Appellant's petitions for a new trial are hereby DENIED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[1] At trial, appellant was charged with two specifications alleging solicitation to commit premeditated murder in violation of Article 134, UCMJ. He was acquitted of one specification (i.e., Specification 2) and convicted of the other (i.e., Specification 1). At trial appellant failed to bring any motion to dismiss or seek any other relief regarding the sufficiency of the Article 134, UCMJ pleadings, raising this issue for the first time on appeal.