**UNITED STATES, Appellee,**

v.

**Private Perry A. WOLFE, U.S. Army, Appellant.**

No. 46929.
CM 443581.

U.S. Court of Military Appeals.

Jan. 14, 1985.

For Appellant: *Captain Jesse W. Benda-han* (argued); *Lieutenant Colonel Arthur L. Hunt,* and *Captain Thomas J. Feeney* (on brief); *Colonel R. Rex Brookshire II,* and *Captain Bernard P. Ingold.*

For Appellee: *Captain Edmond R. McCarthy, Jr.* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle,* and *Major Patrick M. Flachs* (on

brief); *Lieutenant Colonel John T. Edwards.*

PER CURIAM:

Pursuant to his negotiated pleas, a general court-martial, military judge alone, convicted appellant of two specifications of disrespect to a noncommissioned officer, two specifications of violating a drug regulation, one specification of unauthorized sale of military property, six specifications of making and uttering bad checks, one specification of possession of marihuana, and two specifications of concealing stolen property, in violation of Articles 91, 92, 108, 123a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 892, 908, 923a, and 934, respectively. The military judge sentenced appellant to a dishonorable discharge, confinement at hard labor for 4 years, forfeiture of all pay and allowances, and reduction to E–1. In accordance with the terms of the pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement at hard labor for 2 years, forfeiture of all pay and allowances, and reduction to E–1. The United States Army Court of Military Review affirmed the findings and sentence in an unpublished opinion.

This Court specified the following issue: WHETHER THE FINDINGS OF GUILTY OF WRONGFUL CONCEAL-MENT OF STOLEN GOVERNMENT PROPERTY (SPECIFICATION 3, ADDITIONAL CHARGE IV) ARE MULTIPLICIOUS WITH THOSE OF WRONGFUL SALE OF THE SAME PROPERTY (THE SPECIFICATION OF ADDITIONAL CHARGE II).[1]

We hold that they are not and affirm.

 Article 108, which prohibits wrongful dispositions of military property, is not directed against the unauthorized receipt of military property. *United States v. Faylor*, 8 U.S.C.M.A. 208, 24 C.M.R. 18 (1957). The elements of proof are:

(*a*) That the accused sold or otherwise disposed of certain property, as alleged;

(*b*) that the sale or disposition was without proper authority;

(*c*) that the property was military property of the United States; and

(*d*) the value of the property, as alleged.

Para. 187*a*, Manual for Courts-Martial, United States, 1969 (Revised edition).

 On the other hand, the offense of receiving, buying, or concealing stolen property is charged as an offense under Article 134, as conduct prejudicial to good order and discipline or service discrediting. *United States v. Herndon*, 1 U.S.C.M.A. 461, 4 C.M.R. 53 (1952). The elements of proof are:

(*a*) That the accused received, bought, or concealed certain property of a value alleged;

(*b*) that the property belonged to another person named or described;

(*c*) that the property had been stolen;

(*d*) that the accused then knew that the property had been stolen; and

Specification 3: In that Private E–1 Perry A. Wolfe, U.S. Army, Headquarters and Support Company, 1st Battalion, 29th Infantry, 197th Infantry Brigade (Separate), did, at Fort Benning, Georgia, on or about 19 July 1982, unlawfully conceal one (1) M7A3 CS Riot Grenade, of a value of about $17.65, the property of the United States, which property, as he the said Private E–1 Perry A. Wolfe, then well knew, had been stolen.

Examination of the two specifications reveals that the different elements of each are not "fairly embraced in the factual allegations of the other." *United States v. Baker*, 14 M.J. 361, 368 (C.M.A. 1983).

---

1. The charges and specifications in question are: Additional Charge II: Violation of the Uniform Code of Military Justice, Article 108. Specification: In that Private E–1 Perry A. Wolfe, U.S. Army, Headquarters and Support Company, 1st Battalion, 29th Infantry, 197th Infantry Brigade (Separate), did, at Fort Benning, Georgia, on or about 2000 hours, 19 July 1982, without proper authority, sell to Fredrick A. Waggoner, one (1) M7A3 CS Riot Grenade, of a value of about $17.65, military property of the United States Government. Additional Charge IV: Violation of the Uniform Code of Military Justice, Article 134.

\* \* \* \* \* \*

(*e*) that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 213*f*(14), Manual, *supra*.

▇▇▇ It is apparent that there are elements of each offense which are not contained within the other, and each offense requires proof of facts which the other does not. As there is no congressional or presidential guidance to the contrary, we conclude that appellant can be separately found guilty under Articles 108 and 134 of

both wrongful sale and wrongful concealment of the same military property.[2] *See Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Baker*, 14 M.J. 361 (C.M.A. 1983). *Cf. United States v. West*, 17 M.J. 145 (C.M.A. 1984).

Accordingly, the decision of the United States Army Court of Military Review is affirmed.

Judge FLETCHER did not participate.

**2.** The military judge considered the offenses separate for both findings and sentence. However, even considering the two to be multiplicious for punishment purposes, the maximum confinement to which appellant would have been subject would have been 12 years rather than 12 years and 6 months. Considering all the circumstances, including the number and seriousness of the offenses [when announcing the sentence, the military judge commented that it appeared appellant had "been trying as hard as ... [he] could to be the all time record one man crime wave"], appellant's prior record of four nonjudicial punishments, and that appellant received the benefit of his bargain, we are satisfied that, if this was error, it could not have prejudiced appellant as to the sentence he ultimately received.