# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, GALLAGHER, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JAMES M. ROBERTS**
**United States Army, Appellant**

ARMY 20090716

Seventh U.S. Army Joint Multinational Training Command
Jeffrey Nance, Military Judge
Lieutenant Colonel William R. Martin, Staff Judge Advocate (pretrial)
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate
(recommendation & addendum)

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Jonathan F. Potter, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Michael E. Korte, JA (on brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA (on supplemental brief).

For Appellee: Captain Bradley M. Endicott, JA (argued); Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Bradley M. Endicott, JA (on brief); Major Ellen S. Jennings, JA; Captain Bradley M. Endicott, JA (additional pleadings).

14 October 2011

---------------------------------
OPINION OF THE COURT
---------------------------------

JOHNSON, Senior Judge:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, pursuant to mixed pleas, of resisting apprehension, four specifications of assault in varying degrees,[1] and one specification of breaking

---

[1] Appellant was convicted contrary to his pleas of one specification each of aggravated assault, assault consummated by a battery, and assault upon a person in the execution of military police duties. Appellant was convicted pursuant to his pleas of a second specification of assault consummated by a battery.

restriction, in violation of Articles 95, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 895, 928, and 934 (2008) [hereinafter UCMJ].[2]  Appellant was sentenced to a dishonorable discharge, confinement for four years, total forfeiture of all pay and allowances, and reduction to the grade of E1.  The convening authority deferred, then disapproved, the adjudged forfeitures, waived the automatic forfeitures for a period of six months, and otherwise approved the adjudged sentence.

Appellant raised six assignments of error, two of which were assigned for oral argument.[3]  Following oral argument in this case, appellant raised the following supplemental assignment of error:

> WHETHER THE SPECIFICATION OF CHARGE IV FAILS TO STATE AN OFFENSE BECAUSE IT DOES NOT ALLEGE, EXPRESSLY OR BY NECESSARY IMPLICATION, THE "TERMINAL ELEMENT" AS REQUIRED BY *UNITED STATES V. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

We have considered the record of trial, appellant's assignments of error, including the supplemental assignment of error, the government's answer, and the matters appellant personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We find the issues raised by appellant to be without merit and that the Specification of Charge IV states the offense of breaking restriction.

## BACKGROUND

In November, 2008, appellant was stationed in Grafenwoehr, Germany, with the 172d Infantry Brigade, which was preparing to deploy to Iraq.  As his unit was completing final preparations for its deployment, appellant was involving himself in serious, off-duty altercations.  Over the course of two days, appellant instigated two separate fights, each of which resulted in grievous injuries to other soldiers.  In addition, appellant was suspected of both resisting apprehension and assaulting a

---

[2] Appellant was found not guilty of one specification of aggravated assault, Article 128, UCMJ.  In addition, a specification alleging appellant was disrespectful in language to a noncommissioned officer in violation of Article 91, UCMJ, was dismissed by the military judge.

[3] On 7 September 2011, we heard argument on two instructional assignments of error, neither of which merit discussion here, in what was the final oral argument in the Army Court of Criminal Appeals's former location in Arlington, Virginia.

military police officer in the months prior to these assaults. Consequently, appellant was assigned to the rear-detachment and failed to deploy with his unit. The rear-detachment first sergeant counseled appellant in writing and restricted him to the limits of post.[4] In violation of this order, appellant left post on numerous occasions.

Appellant was charged with breaking restriction, resisting apprehension, disrespect to non-commissioned officers, and several specifications of assault. In particular, the Specification of Charge IV, alleging that appellant broke restriction in violation of Article 134, UCMJ, reads as follows:

> In that Private First Class James M. Roberts, U.S. Army, having been restricted to the limits of Grafenwoehr Training Area Main Post, by a person authorized to do so, did, at or near Grafenwoehr, Germany, on divers occasions between on or about 20 December 2008 and 20 January 2009, break said restriction.

Appellant did not object to the sufficiency of the foregoing specification. Instead, without the benefit of a pretrial agreement and without entering into a stipulation of fact, appellant pled guilty to breaking restriction.

During the providence inquiry, the military judge explained the elements of breaking restriction to appellant, one of which was that appellant's conduct must have been "to the prejudice of good order and discipline in the armed forces." The military judge then defined this element to appellant and asked him if he understood its definition, to which appellant responded in the affirmative. During the plea colloquy, appellant agreed that disobedience to orders is prejudicial to good order and discipline. Appellant further stated that his conduct in particular was prejudicial because it undermined his unit's efforts to "keep the accountability and my safety from the others that I had an issue with a couple of months prior [sic]."

## LAW

The Fifth Amendment to the United States Constitution commands that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . nor be deprived of life, liberty, or property, without due process of law." U.S. CONST amend. V, cls. 2, 3. Fundamental to these mandates are the principles

_____

[4] Restricting a soldier to the limits of post is a practice of administratively directing a soldier to remain in a prescribed area; it is often used to keep accountability of a soldier suspected of misconduct and to prevent that soldier from engaging in further misconduct.

that an accused must receive "notice of the specific charge," *Cole v. Arkansas*, 333 U.S. 196, 201 (1948), and must be protected against "repeated attempts to convict [him] for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty," *United States v. Easton*, 70 M.J. 507, 509 (Army Ct. Crim. App. 2011) (quoting *Green v. United States*, 355 U.S. 184, 187–88 (1957)). The Sixth Amendment also requires notice, prescribing that an accused shall "be informed of the nature and cause of the accusation." U.S. CONST. amend. VI, cl. 1. Thus, both the Fifth and the Sixth Amendments "ensure the right of an accused to receive fair notice of what he is being charged with." *United States v. Girouard*, 70 M.J. 5, 10 (C.A.A.F. 2011). In military justice, an accused is notified of the charges against him through the charge sheet, Department of Defense Form 458, which contains both a "charge" and a "specification." *United States v. Fosler*, 70 M.J. 225, 227 n.2, 229 (C.A.A.F. 2011). Together, the charge and specification must "allege[] every element of [the offense] either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *United States v. Roach*, 65 M.J. 866, 869 (Army Ct. Crim. App. 2007) (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)) (internal quotation marks omitted). Rule for Courts-Martial 307(c)(3). *See also United States v. Resendez-Ponce*, 549 U.S. 102, 108 (2007); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *Russell v. United States*, 369 U.S. 749, 763–64 (1962).

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). "[I]n contested cases, when the charge and specification are first challenged at trial, we read the wording more narrowly and will only adopt interpretations that hew closely to the plain text." *Fosler*, 70 M.J. at 230. However, a charge or specification "first challenged after trial . . . is viewed with greater tolerance than one which was attacked before findings and sentence." *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A. 1986). Thus, a charge and specification challenged for the first time on appeal is liberally construed and will not be held invalid "absent a clear showing of substantial prejudice to the accused—such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Id.* at 209–10 (quoting *United States v. Thompson*, 356 F.2d 216, 226 (2d Cir. 1965), *cert. denied*, 384 U.S. 964 (1966)) (internal quotation marks omitted). "In addition to viewing post-trial challenges with maximum liberality, we view standing to challenge a specification on appeal as considerably less where an accused knowingly and voluntarily pleads guilty to the offense." *Id.* at 210 (citing *United States v. Hoskins*, 17 M.J. 134, 135 (C.M.A. 1984)).

4

**DISCUSSION**

Appellant correctly notes that the breaking restriction charge and specification do not expressly state that his conduct was to the prejudice of good order and discipline in the armed forces, of a nature to bring discredit upon the armed forces, or a non-capital crime or offense. Article 134, Clauses 1, 2, and 3, UCMJ. Citing the Court of Appeals for the Armed Forces's (CAAF's) decision in *Fosler*, appellant further argues that the remaining language of the charge and specification does not necessarily imply any of the terminal elements. Therefore, appellant concludes that the breaking restriction charge and specification fail to state an offense. The government responds that *Fosler* must be distinguished from appellant's case because appellant did not object to the sufficiency of the breaking restriction charge and because appellant pleaded guilty. Consequently, the government argues that a liberal interpretation of the breaking restriction charge and specification reveals that the element of prejudice to good order and discipline is implied.

In *Fosler*, CAAF held that where appellant objected to the specification at trial, and thereafter contested the case, an adultery charge failed to state an offense because it did not expressly or impliedly allege the terminal elements. *Fosler*, 70 M.J. at 233. As CAAF itself noted, this holding is a departure from nearly a century of military justice practice and procedure. *Id.* at 227–28. CAAF attributed this fundamental shift to recent cases concerning lesser-included offenses, *id.* at 228, where it decided that the terminal elements can no longer be implied in every enumerated offense, *e.g.*, *Schmuck v. United States*, 489 U.S. 705 (1989); *United States v. Jones*, 68 M.J. 465, 468 (C.A.A.F. 2010); *United States v. Medina*, 66 M.J. 21, 24–25 (C.A.A.F. 2008). Nevertheless, CAAF was careful to narrowly apply this lesser-included-offense jurisprudence to the procedural posture in *Fosler*. Citing *Watkins*, CAAF prefaced its ultimate decision by repeating the narrow rule of interpretation to be used in contested cases where the language of the charge and specification at issue was first challenged at trial. *Fosler*, 70 M.J. at 230. However, this narrow rule of interpretation is not always applicable. If an accused does not challenge a charge and specification at trial, their language is to be viewed with maximum liberality. *Watkins*, 21 M.J. at 209–10.

In this case, appellant neither objected to nor contested the charge of breaking restriction; therefore, the question before our court is whether the language of the breaking restriction charge and specification, when liberally construed, is sufficient to imply the terminal element of prejudice to good order and discipline in the armed forces. Ultimately, we hold that the breaking restriction charge was not so obviously defective that it could not be reasonably construed to embrace this terminal element.

In considering the text of both the charge and the specification, we conclude that the breaking restriction charge in this case necessarily implies the terminal element of prejudice to good order and discipline. The language of the charge indicates that the offense is a "[v]iolation of the UCMJ, Article 134." The language of the specification states that appellant was restricted to the limits of "Grafenwoehr Training Area Main Post[] by a person authorized to do so." In addition, the specification states that appellant violated that restriction on divers occasions. As a whole, the language of the specification therefore alleges that appellant violated a direct order to remain in a training area while stationed in a foreign country.[5] Construed liberally, the preceding language of the charge and specification necessarily implies that appellant's conduct was to the prejudice of good order and discipline in the armed forces.[6]

Furthermore, this textual relationship of necessary implication, combined with the subsequent providence inquiry, convince us that appellant was on notice of the charge against him. In this case, unlike *Fosler*, the record contains facts which demonstrate appellant's awareness of the nature of the charge leveled against him. First, appellant did not object to the language of the charge at trial; this issue was raised for the first time on appeal. In that respect, the very delay in raising this issue contradicts appellant's claim that he did not receive fair notice. Second, appellant decided to plead guilty to the charge after consultation with his defense counsel. It is hard to imagine that appellant could have been ignorant of the very nature of the charge, but still resolved to plead guilty to it, especially when

---

[5] Additionally, appellant himself admitted that the specification facially included an allegation of prejudice to good order and discipline:

> MJ: . . . But do you also believe that simply by disobeying the order of your First Sergeant, whatever that order was as long as it was a[] legitimate order, that that is in and of itself prejudicial to good order and discipline?
> ACC: Yes, sir.
> MJ: I mean it is a disobedience, is that right?
> ACC: Yes, sir.
> MJ: Do you believe that disobedience is prejudicial to the good order and discipline?
> ACC: Yes, sir.

[6] In fact, the breaking restriction charge in this case may survive even a narrowly construed interpretation. However, such a narrow view is clearly inapplicable in this case because appellant did not object to the sufficiency of the charge at trial.

buttressed by the presumption of his defense counsel's competence.[7]  Third, the military judge notified appellant that the offense included the element of prejudice to good order and discipline, and subsequently advised him of its meaning.  Fourth, in response to the military judge's advisement, appellant indicated he understood that the offense included the element of prejudice to good order and discipline.  And lastly, appellant described how his conduct was prejudicial to good order and discipline.  When considered as a whole, the record demonstrates that appellant understood not only the nature of the charge against him, but also that the charge included the element of prejudice to good order and discipline.

Finally, it is evident that the charge and specification protect appellant against being placed twice in jeopardy for the breaking-restriction offense.  The specification spells out the narrow time period and location at which appellant repeatedly broke restriction.  This factual detail is sufficient to protect appellant against a subsequent prosecution for this offense.  *Cf. Russell*, 369 U.S. at 764.  Moreover, this is not a case of the government repeatedly using sharp distinctions to sequentially prosecute appellant for what amounts to the same offense.

## CONCLUSION

For the foregoing reasons, appellant's challenge to the breaking restriction charge and specification is without merit.  In the end, the test of a charge's sufficiency "is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"  *Hagner v. United States*, 285 U.S. 427, 431 (1932) (quoting *Cochran v. United States*, 157 U.S. 286, 290 (1895)).  In this case, the Specification of Charge IV

---

[7] It is worth noting that in the instant case, the military judge did not add gratuitous elements to a separately charged offense thereby creating an alternative theory of guilt.  Unlike *United States v. Medina*, 66 M.J. 21, 27–28 (C.A.A.F. 2008), there is no indication that the breaking restriction specification was intended as anything other than a violation of Clauses 1 or 2 of Article 134, UCMJ.  In fact, the evidence is to the contrary; the breaking restriction charge was drafted in accordance with the historical practice of omitting the Clause 1 and 2 terminal elements from the text of a specification.  *See Manual for Courts-Martial*, *United States* (2008 ed.), Part IV, para. 60.c.(6)(a).  Thus, there is simply no concern that appellant was unaware of the nature of the charges against him simply due to the omission of this language.  *See Medina*, 66 M.J. at 27–28.

necessarily implies the elements of breaking restriction, provides appellant with fair notice, and protects him against being placed twice in jeopardy.

On consideration of the entire record, the assigned errors, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find appellant's arguments to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Judges GALLAGHER and BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court