# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DAVID K. ADAMS**
**United States Army, Appellant**

ARMY 20100658

Headquarters, Fort Campbell Installation
Timothy Grammel, Military Judge
Lieutenant Colonel Joseph B. Morse, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Matthew T. Grady, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Edward J. Whitford, JA (on brief).

4 January 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of attempted sexual intercourse, one specification of disobeying a superior commissioned officer, two specifications of rape, one specification of wrongful sexual contact, five specifications of assault, three specifications of communicating a threat, and two specifications of child endangerment, in violation of Articles 80, 90, 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 80, 90, 120, 128, 134 (2008) [hereinafter UCMJ].[1] *See Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], Part

---

[1] Appellant pled not guilty to four additional specifications of assault, and one specification of possessing child pornography which was prejudicial to good order and discipline or service-discrediting, in violation of Articles 128, and 134, UCMJ. Appellant was found not guilty of these offenses.

IV, paras. 68a.b. and 110.b.  Appellant was sentenced to a dishonorable discharge, confinement for nine years, and reduction to the grade of E1.  In a second corrected action, and pursuant to a pretrial agreement, the convening authority approved only seventy-two months of the adjudged sentence to confinement but otherwise approved the remainder of the sentence.[2]

Appellant's case is now before this court for review under Article 66, UCMJ.  Appellant raises one assignment of error, claiming that the Article 134 specifications of which he was convicted do not state an offense.  In light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and *United States v. Roberts*, 70 M.J. 550 (Army Ct. Crim. App. 2011), we find the assigned error meritless.  We have also considered the timing of the second corrected action in this case, and we find the convening authority properly assumed command prior to taking corrective action.

We "may act only with respect to the findings and sentence as approved by the convening authority," Article 66(c), and a commander may only take action as a convening authority when he is in command of his or her respective unit.  In this case, the date stamped on the second corrected action precedes the date upon which the convening authority, Major General (MG) Francis J. Wiercinski, assumed command.  However, we are convinced that this is not the actual date MG Wiercinski took action.  Although the second corrected action is dated 9 November 2010, this is the same date as that stamped on the initial action and the first corrected action, both of which were by a different commander, MG Wiercinski's predecessor.  It is implausible, to say the least, that two separate commanders took action three times on the same date.  In a post-trial affidavit, the staff judge advocate explained that the actual date of MG Wiercinski's second corrected action was on or about 12 December 2010, and the stamped date of 9 November 2010 is incorrect.  Relying upon this affidavit and our Article 66, UCMJ, fact finding powers, we find that MG Wiercinski took action on or about 12 December 2010.  This is well after MG Wiercinski assumed command on 20 November 2010; therefore, his second corrected action was not in error.

Finally, before this court, appellant asserts for the first time that the specifications alleging he communicated a threat and committed child endangerment fail to state offenses because they do not contain reference to a terminal element under Article 134, UCMJ.  However, because appellant failed to challenge the specification at trial, reference to Article 134 was properly made in the relevant charge, and the specifications otherwise properly alleged the offenses for which appellant was convicted, the terminal elements can be implied from the language of

---

[2] Appellant's reduction to E1 and automatic forfeitures were deferred until action.  Thereafter, appellant's automatic forfeitures were waived for six months for the benefit of appellant's spouse.  In addition, Appellant was credited with eighty-five days of confinement credit against the approved sentence to confinement.

each specification and relief for any defects in the specifications is not warranted. *Roberts*, 70 M.J. at 553–54. *See United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986). *Cf. Fosler*, 70 M.J. at 230. Furthermore, the accused completed a knowing, voluntary, and intelligent plea of guilty to each offense, including a proper inquiry pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).[3] There is no reason to conclude that appellant was misled or that he might otherwise suffer prosecution for this same offense twice. He enjoyed both notice of the offenses against which he had to defend and now enjoys protection against double jeopardy.

On consideration of the entire record, and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.

Clerk of Court

---

[3] During the providence inquiry, the military judge properly explained the terminal elements to appellant; appellant understood that he was charged with offenses that included that element as a matter of proof; admitted that he was guilty of those offenses, including the terminal element; and offered sufficient facts and discussion, including a stipulation of fact, to support a finding of guilt so that no substantial basis in law or fact exists to disapprove the findings of guilty to each. *E.g.*, *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).