# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class MAURICE K. ROBINS**
**United States Army, Appellant**

ARMY 20090996

United States Army Transportation Center and School and Fort Eustis
Denise R. Lind, Military Judge

For Appellant:  Major Laura R. Kesler, JA; Captain Richard M. Gallagher, JA (on brief).

For Appellee:  Major Christopher B. Burgess, JA (on brief).

26 January 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of rape of a child, one specification of sodomy of a child, and one specification of committing indecent acts upon a child, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 [hereinafter UCMJ].  Appellant was sentenced to a dishonorable discharge, confinement for thirty-one years, and reduction to the grade of Private E1.  The convening authority approved confinement for twenty-five years and the remainder of the adjudged sentence.

On 31 March 2011, we issued an opinion in this case, affirming the findings of guilty and the sentence.  *United States v. Robins*, ARMY 20090996 (Army Ct. Crim. App. 31 Mar. 2011) (unpub.).  On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).  Consequently, appellant's case is again before this court for review under Article 66, UCMJ, 10 U.S.C. § 866.  In addition, on 14 November 2011 this court granted appellant's motion to file supplemental matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and we have reviewed and considered those matters as well.

## LAW AND DISCUSSION

Appellant pleaded guilty, without objection, to Specification 3 of Charge I which did not expressly allege the terminal elements of indecent acts with a child in violation of Article 134, UCMJ. "[A] charge and specification challenged for the first time on appeal is liberally construed and will not be held invalid absent a clear showing of substantial prejudice to the accused–such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *United States v. Roberts*, 70 M.J. 550, 553 (Army Ct. Crim. App. 2011) (quoting *United States v. Watkins*, 21 M.J. 208, 209-210 (C.M.A. 1986)(internal quotations omitted)). *Cf. Fosler*, 70 M.J. at 230. Facially, the language of Specification 3 of Charge I in this case necessarily implies service-discrediting conduct by alleging appellant did, on divers occasions, commit an indecent act upon the body of Miss AKR, a female under sixteen years of age, not the wife of appellant, by fondling her and placing his fingers inside her vagina, with intent to appeal to the sexual desires of appellant in violation of Article 134, UCMJ. This textual relationship, when liberally construed, establishes that appellant was on notice of the charge and specification against him.

Furthermore, there is ample evidence in the record that appellant was on notice of the charges against him. Appellant entered into a pretrial agreement and pleaded guilty to the indecent acts upon a child specification. In addition, the military judge advised appellant of the elements of indecent acts upon a child—to include the terminal elements—after which appellant described how his conduct was both service discrediting and prejudicial to the good order and discipline of the service. Finally, the factual allegations within the charge and specification, along with the record of trial, sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record, including consideration of the issues personally specified by appellant, and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2