# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ANTHONY R. ELLINGTON**
**United States Army, Appellant**

ARMY 20100667

Headquarters, Fort Stewart
Tara A. Osborn and Tiernan P. Dolan, Military Judges
Lieutenant Colonel Shane E. Bartee, Staff Judge Advocate (trial)
Colonel Randall J. Bagwell, Staff Judge Advocate (new recommendation and action)

For Appellant:  Major Richard E. Gorini, JA; Captain Richard M. Gallagher, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed.

31 January 2012

---------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------------

ALDYKIEWICZ, Judge:

On 14 August 2010, a military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of assault consummated by a battery (two specifications), aggravated assault, and child endangerment in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 [hereinafter UCMJ].  On 29 October 2010, the convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for thirty-two months, forfeiture of all pay and allowances, and reduction to Private E1.

On 30 June 2011, this court set aside the convening authority's action, returning the record of trial to The Judge Advocate General for remand to the same convening authority for a new staff judge advocate recommendation and action.[1]

---

[1] The case was returned because twelve days after trial, the appellant, a Soldier with a dependent daughter, submitted a timely request to defer adjudged forfeitures and defer and waive automatic forfeitures in his case, a request that was never acted on by the convening authority.

ELLINGTON – ARMY 20100667

*United States v. Ellington*, ARMY 20100667 (Army Ct. Crim. App. 30 June 2011)(unpub.).

On 18 October 2011, the convening authority again acted in appellant's case, this time approving only the bad-conduct discharge, confinement for thirty-two months, and reduction to Private E1. The convening authority granted a six-month waiver of the automatic forfeitures, directing payment of the funds "to the mother of the [appellant's] child, in support of the [appellant's] [f]amily [m]ember." [2]

A review of the record reveals one issue that merits discussion but no relief; that is, the failure of the child endangerment specification, a violation of Article 134, UCMJ to allege the terminal element for a clause 1 or clause 2 violation. [3]

### *Fosler* Issue

Whether a charge and specification states an offense is a question of law that is reviewed de novo. *United States v. Roberts*, 70 M.J. 550, 552 (Army Ct. Crim. App. 2011) (citing *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006)).

As noted by our superior court:

The military is a notice pleading jurisdiction. *United States v. Sell*, 3 C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953). A charge and specification will be found sufficient if they, "first, contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and, second, enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *see also United States v. Resendiz–Ponce*, 549 U.S. 102, 108, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007) (citations and quotation marks omitted); *United States v. Sutton,* 68

---

[2] The Court notes that both the report of result of trial and promulgating order have errors requiring correction. The former incorrectly describes Charge IV and its specification; the latter, General Court-Martial Order Number 18, dated 18 October 2011, is incomplete and fails to comply with Appendix 17 of the *MCM*, 2008, noting only the convening authority's action and omitting information such as the time and place of arraignment, the offenses for which the appellant was arraigned, the pleas and findings, the adjudged sentence, and the requirement for DNA processing IAW 10 U.S.C. § 1565.

[3] The terminal element for a clause 1 and clause 2, Article 134, UCMJ violation is that the alleged conduct was "to the prejudice of good order and discipline" or "conduct of a nature to bring discredit upon the armed forces" respectively. *See Manual for Courts-Martial, United States*, (2005 ed.) [hereinafter *MCM*, 2005], Part IV, para. 60.c.

> M.J. 455, 455 (C.A.A.F. 2010); *United States v. Crafter,* 64 M.J. 209,
> 211 (C.A.A.F. 2006); *Sell,* 3 C.M.A. at 206, 11 C.M.R. at 206. The
> rules governing court-martial procedure encompass the notice
> requirement: "A specification is sufficient if it alleges every element of
> the charged offense expressly or by necessary implication." R.C.M.
> 307(c)(3).

*Fosler*, 70 M.J. at 229 (holding an adultery charge failed to state an offense where it neither expressly nor impliedly alleged the terminal elements for a clause 1 or clause 2 Article 134, UCMJ offense, appellant objected at trial to the pleading, and appellant contested the charge and specification at issue). *See also*, *Roberts*, 70 M.J. at 553; *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994).

Charges and specifications first challenged on appeal, even where an appellant pleaded not guilty, are liberally construed. *Roberts*, 70 M.J. at 553 (citing *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986)); s*ee also*, *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991). Additionally, an appellant's "standing" to challenge the pleading following a knowing and voluntary guilty plea thereto is diminished. *Roberts*, 70 M.J. at 553. Absent an objection at trial, we will not set aside a specification unless it is "'so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had.'" *Id* (citing *United States v. Watkins*, 21 M.J. 208, 209-210) (quoting *United States v. Thompson*, 356 F.2d 216, 226 (2d Cir.1965), cert. denied, 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966)) (internal quotation marks omitted).

Unlike *Fosler*, the procedural posture and facts of appellant's case are notably different, resulting in a different outcome. The pleading itself alleged a violation of Article 134, UCMJ "Child endangerment," a title that necessarily implies service discrediting behavior. The text of the specification stated, in part, that appellant "did endanger the mental health of [KW], by assaulting Ms. [AP], the mother of [KW], while [KW] was in [the] home and able to hear such acts take place." The appellant did not object to the pleading.[4] The action taken by appellant and made criminal by Article 134 was the endangerment of a two-year old child's mental health, through culpable negligence, as he physically assaulted the child's mother within the hearing of the child. The stipulation of fact, dated 19 July 2010, almost one month before trial and signed by appellant and counsel noted: appellant assaulted the child's mother within hearing of the child; the child awoke during the assault and heard the "noise from the assault and the pleas of her mother;" appellant knew or should have known that his actions endangered the mental health of the child; appellant had a duty of care towards the child; and appellant's actions "would lower the reputation and public esteem towards the military and would also cause a

---

[4] Appellant did not object to the pleading at trial, during the post-trial processing of his case, or on appeal before this court.

good order and discipline issue." Additionally, the colloquy between the military judge and appellant during the providence inquiry addressed how his actions were both prejudicial to good order and discipline and service discrediting, elements clearly defined by the military judge and understood by appellant.

The pleading was sufficient to place the appellant on notice of the offense charged and the specification as written, and pleaded to, necessarily implies conduct that, at a minimum, is service discrediting, the terminal element for a "clause 2" Article 134, UCMJ offense. *See United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element); *see also*, *United States v. Berner*, 32 M.J. 570 (A.C.M.R. 1991); *United States v. Watkins*, 21 M.J. 208 (C.M.A. 1986). Finally, the pleading and the record of trial sufficiently protect the appellant from a double jeopardy perspective.

## Conclusion

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge KERN and Judge YOB concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court