# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant TARRANCE D. HEYWARD**
**United States Army, Appellant**

ARMY 20100610

Headquarters, United States Army Infantry Center of Excellence
James L. Pohl and Stephen E. Castlen, Military Judges
Colonel Tracy A. Barnes, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain Jennifer A. Parker, JA; Captain Matthew T. Grady, JA.

For Appellee: Major Amber J. Williams, JA; Captain Chad M. Fisher, JA; Captain John D. Riesenberg, JA.

31 January 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

YOB, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of assault with a means likely to produce death or grievous bodily harm and one specification of adultery in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. § 928 and 934[1] [hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, confinement for twelve months, and reduction to Private E1. The convening authority approved so much of the sentence as provided for a bad-conduct discharge, confinement for ten months, and reduction to Private E1.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which merits no relief. This assignment of

---

[1] These offenses were listed on the charge sheet as Charge II and Charge III, respectively; Charge I alleged the offense of sodomy, but was dismissed on motion of the government following arraignment but prior to entry of a plea.

error alleges that the specification of Charge III, charging appellant with committing adultery, failed to state an offense because it did not contain words alleging the terminal element of this offense.[2]

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, 70 M.J. 550, 552 (Army Ct. Crim. App. 2011). Together, a charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3).

Historically, neither this court nor our superior court required charges and specifications alleging violations of Article 134, UCMJ, to expressly state the terminal element. *United States v. Fosler*, 70 M.J. 225, 228 (C.A.A.F. 2011), (citing *United States v. Smith*, 39 M.J. 448, 449-51 (C.M.A. 1994); *United States v. Wolfe*, 19 M.J. 174, 175-76 & n.1 (C.M.A. 1985); *United States v. Mayo*, 12 M.J. 286, 293-94 (C.M.A. 1982); *United States v. Maze*, 21 C.M.A. 260, 45 C.M.R. 34 (1972); *United States v. Marker*, 1 C.M.A. 393, 400, 3 C.M.R. 127, 134 (1952); *United States v. Herndon*, 1 C.M.A. 461, 4 C.M.R. 53 (1952)). However, in *Fosler*, our superior court set aside a conviction for an Article 134 adultery offense because the specification and charge failed to allege the terminal element of the offense. The court held that due to the reasoning of a line of recent cases drawing on the holding of *Schmuck v. United States*, 489 U.S. 705, 718, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), "the historical practice of implying Article 134's terminal element in every enumerated offense was no longer permissible." (citations omitted).

Although there is an adultery charge in this case that does not allege the terminal element of the offense, the procedural posture and facts of the present case are very different from those in *Fosler*. In this case, appellant did not object to the adultery specification at trial. This is an important distinction and informs our decision in this matter. See *United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element). *Fosler* left open the possibility that the terminal element of an Article 134, UCMJ, offense could be implied in cases where the procedural posture is different, specifically where the charge is not contested and no objection to the form of the charge and specification is raised at trial. When a charge and its specification are not challenged at trial, its language is

---

[2] The terminal element of an adultery offense under Article 134, UCMJ is "that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." *Manual for Courts-Martial, United States* 2008 ed.) Part IV, para. 62b.(3).

to be liberally construed. *Roberts*, 70 M.J. 550, 553 (Army Ct. Crim. App. 2011) (citing *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986)). *Cf. Fosler*, 70 M.J. at 230. Moreover, absent an objection at trial, we will not set aside an Article 134, UCMJ, specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts* at 553; *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986).

In the present case, appellant did not object to the language of the adultery specification, which stated that appellant, a married man, wrongfully had sexual intercourse with SGT N.W., a woman not his wife. The charge clearly indicated the act of adultery was between the appellant and a fellow service member. In addition, the specification of Charge II, alleged that this act of adultery with his fellow service member occurred at a time when appellant was a carrier of the human immunodeficiency virus (also known as HIV) and that appellant engaged in sexual intercourse without prophylactic protection. Under these facts, the adultery allegation clearly is not so defective that it cannot be reasonably construed to imply that appellant's conduct was to the prejudice of good order and discipline of the service and service discrediting where the named partner in the specifications was a service member and was allegedly exposed to HIV during the act of sexual intercourse, as can be derived from the allegation contained in Charge II.

Furthermore, there is ample evidence in the record that appellant was on notice of the charges against him. Appellant pleaded guilty to the adultery specification. The military judge advised appellant of the elements of adultery—to include the terminal elements—after which appellant described how his conduct was prejudicial to the good order and discipline of the service and was service discrediting. Finally, the factual allegations within the charge and specification, along with the record of trial, sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court