CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DAVID G. SPICER**
**United States Army, Appellant**

ARMY 20090608

Headquarters, Fort Carson
Debra Boudreau and Michael Hargis, Military Judges
Colonel Michael W. Meier, Staff Judge Advocate

For Appellant: Mr. Frank J. Spinner, Esquire (argued); Lieutenant Colonel Jonathan Potter, JA; Mr. Frank J. Spinner, Esquire (on brief); Lieutenant Colonel Jonathan Potter, JA; Captain E. Patrick Gilman, JA; Mr. Frank J. Spinner, Esquire (on supplemental brief).

For Appellee: Captain Steve T. Nam, JA (argued); Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Frank E. Kostik Jr., JA (on brief); Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Steve T. Nam, JA (on supplemental brief).

31 January 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

JOHNSON, Senior Judge:

A panel of officer and enlisted members,* sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of false official statement, and two specifications of child endangerment by design,[1] in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 934

---

[1] Appellant pleaded guilty to child endangerment by culpable negligence. However, the government went forward with, and ultimately proved, the charged, greater offense of child endangerment by design.

* Corrected

(2007) [hereinafter UCMJ]. *See Manual for Courts-Martial*, *United States* (2008 ed.), Part IV, para. 68a.b. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E1.[2]

Appellant's case is now before this court for review under Article 66, UCMJ. Appellant raises two assignments of error which, in our opinion, do not merit discussion.[3] In addition, appellant raises one supplemental assignment of error claiming that the Article 134 specifications of which he was convicted do not state an offense. In light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and *United States v. Roberts*, 70 M.J. 550 (Army Ct. Crim. App. 2011), we also conclude the supplemental assignment of error is meritless.[4]

---

[2] Appellant's adjudged forfeitures were deferred for six months, and his automatic forfeitures were waived during that same six-month period for the benefit of appellant's spouse.

[3] I. THE EVIDENCE IS FACTUALLY AND LEGALLY INSUFFICIENT TO SUPPORT THE FINDINGS OF GUILTY.

II. APPELLANT'S SENTENCE IS INAPPROPRIATELY SEVERE.

[4] Appellant pleaded guilty, without objection, to a lesser-included offense of Specifications 1 and 2 of Charge II, violations of Article 134, UCMJ. Neither specification however expressly alleged the terminal elements. "[A] charge and specification challenged for the first time on appeal is liberally construed and will not be held invalid absent a clear showing of substantial prejudice to the accused— such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Roberts*, 70 M.J. at 553 (quoting *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)) (internal quotation marks omitted). *Cf. Fosler*, 70 M.J. at 230. The charge and specifications in this case collectively state that, despite his duty to care for his children, appellant left them unattended for thirty-eight days resulting in either harm or grievous bodily harm. Construed liberally, this language necessarily implies appellant's conduct was prejudicial to good order and discipline and service-discrediting. Furthermore, there is no evidence appellant was misled. The lesser-included offenses to which appellant pleaded guilty (child endangerment by culpable negligence), and the greater offenses of which appellant was ultimately convicted (child endangerment by design), differ only as to *mens rea*—both the greater and the lesser contain the terminal elements of Article 134, UCMJ. Thus, appellant's colloquy with the military judge during the providence inquiry establishes that appellant was on notice of the charge against him. *See also Manual for Courts-Martial*, *United States* (2005 ed.), Part IV, para. 60.c.(6)(a). Finally, the factual allegations in each specification combined with the record of trial sufficiently protect appellant against double jeopardy.

On consideration of the entire record, and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Judge BURTON concurs.

KRAUSS, Judge, concurring:

I join the majority in approving appellant's convictions for false official statement to the extent that finding is based on the fact that appellant's duty to protect his children from harm casts his dishonest statements to the civilian police, in this case, into the realm of official statements contemplated under Article 107, UCMJ. Because "[t]he circumstances leading up to and surrounding the statements made to the [Colorado Springs] police bear a clear and direct relationship to appellant's duties as a [soldier] and reflect a substantial military interest in the investigation," such statements are official for purposes of Article 107 as a matter of law. *United States v. Teffeau*, 58 M.J. 62, 69 (C.A.A.F. 2003).

A soldier's duty to protect his children from harm is recognized as a military duty by common law, executive action, custom, and regulation. *See United States v. Vaughan*, 58 M.J. 29 (C.A.A.F. 2003); Exec. Order No. 13447, 72 Fed. Reg. 56179 (Sep. 28, 2007); *Manual for Courts-Martial*, *United States* (2008 ed.), para. 68a. analysis at A23-20.[*] The evidence in the case at hand establishes that appellant's statements to the police were prompted and defined by his effort to avoid liability and accountability for his violation of that duty and therefore bore a clear and direct relationship to his duties as a soldier. The evidence also establishes the undoubted, immediate, and substantial military interest in any investigation, criminal or command, relative to the well-being of a soldier's dependents. Appellant's statements to the civilian police before any military investigation was underway were therefore official under Article 107, as a matter of law, and subject to prosecution under same. *Teffeau*, 58 M.J. at 69.

I do not join the majority's apparent acceptance of footnote four of *United States v. Day* as establishing a standard by which courts-martial should resolve whether the official duties of nonmilitary personnel "fall within the scope of the UCMJ's reach." *Day*, 66 M.J. at 174, 175 n.4. Finding the facts of appellant's case practically indistinguishable from those in *Day*, in this sense, I cannot find that the official duties of the civilian police here, at the time the charged statements were made, fell within the scope of the UCMJ's reach, as that concept apparently requires the nonmilitary personnel who heard the statements in question to exercise some responsibility for the military. *Id.* I therefore conclude that the military judge erred

---

[*] I do not read our superior court's silence on the matter in *United States v. Day*, 66 M.J. 172 (C.A.A.F. 2008), to signal otherwise.

by offering such an instruction to the panel because, first, the question was an interlocutory question of law for the judge to decide in any event, and second, footnote four was an improper standard to offer the panel under these circumstances. Such error cannot affect the findings, however, in light of the analysis above and because the evidence is legally and factually sufficient to approve these findings of guilty otherwise. Therefore, I concur in affirming appellant's convictions for false official statement.

I also concur with the majority's finding that the evidence is legally and factually sufficient to approve the child endangerment by design convictions to the extent that appellant's specific intent to continue subjecting his children to conditions that he knew and understood caused them harm constitutes the specific intent to endanger as defined by the *MCM* and therefore warrants approval of the findings of guilty. The defense evidence raises no reasonable doubt in my mind on the matter.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court