# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JOSHUA T. STUTTE**
**United States Army, Appellant**

ARMY 20100860

Headquarters, 25th Infantry Division
Kwasi Hawks, Military Judge
Lieutenant Colonel George R. Smawley, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Captain Barbara A. Snow-Martone, JA (on brief).

For Appellee:  Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Major Ryan R. McKinstry, JA (on brief).

31 January 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

YOB, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his plea, of one specification of adultery in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ].  The military judge also convicted appellant, contrary to his plea, of one specification of aggravated sexual assault of a child, in violation of Article 120, UCMJ, 10 U.S.C. § 920.  Appellant was sentenced to confinement for sixty days and a bad-conduct discharge.  The convening authority approved the adjudged sentence.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, only one of which merits discussion, but no relief.  This assignment of error alleges the specification of Charge II, charging

appellant with adultery, failed to state an offense because it did not contain words alleging the terminal element of this offense.[*]

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, 70 M.J. 550, 552 (Army Ct. Crim. App. 2011). Together, a charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3).

Historically, neither this court nor our superior court required charges and specifications alleging violations of Article 134, UCMJ, to expressly state the terminal element. *United States v. Fosler*, 70 M.J. 225, 228 (C.A.A.F. 2011), (citing *United States v. Smith*, 39 M.J. 448, 449-51 (C.M.A. 1994); *United States v. Wolfe*, 19 M.J. 174, 175-76 & n.1 (C.M.A. 1985); *United States v. Mayo*, 12 M.J. 286, 293-94 (C.M.A. 1982); *United States v. Maze*, 21 C.M.A. 260, 45 C.M.R. 34 (1972); *United States v. Marker*, 1 C.M.A. 393, 400, 3 C.M.R. 127, 134 (1952); *United States v. Herndon*, 1 C.M.A. 461, 4 C.M.R. 53 (1952)). However, in *Fosler*, our superior court set aside a conviction for an Article 134 adultery offense because the specification and charge failed to allege the terminal element of the offense. The court held that in light of recent cases following the holding of *Schmuck v. United States*, 489 U.S. 705, 718, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), "the historical practice of implying Article 134's terminal element in every enumerated offense was no longer permissible." *Fosler* at 228. (citations omitted).

Although the adultery charge in this case does not allege the terminal element of the offense, the procedural posture and facts of the present case are very different from those in *Fosler*. In this case, appellant did not object to the adultery specification at trial. This is an important distinction and informs our decision in this matter. *See United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element). *Fosler* left open the possibility that the terminal element of an Article 134, UCMJ, offense could be implied in cases where the procedural posture is different, specifically where the charge is not contested and no objection to the form of the charge and specification is raised at trial. When a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, 70 M.J. 550, 553 (Army Ct. Crim. App. 2011) (citing *United*

---

[*] The terminal element of an adultery offense under Article 134, UCMJ is "that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." *Manual for Courts-Martial, United States* 2008 ed.) Part IV, para. 62b.(3).

2

*States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986). *Cf. Fosler*, 70 M.J. at 230. Moreover, absent an objection at trial, we will not set aside an Article 134, UCMJ, specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts* at 553; *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986).

In the present case, appellant did not object to the language of the adultery specification, which stated that appellant, a married man, wrongfully had sexual intercourse with Miss L.V., a woman not his wife. In addition, the specification of Charge I stated that Miss L.V. had attained the age of twelve but had not attained the age of sixteen years when sexual intercourse with the appellant occurred. Under these facts, the adultery allegation is clearly not so defective that it cannot be reasonably construed to imply that appellant's conduct was service discrediting where the named partner in the specifications was a minor, as can be derived from Charge I.

Furthermore, there is ample evidence in the record that appellant was on notice of the charges against him. Appellant pleaded guilty to the adultery specification. The military judge advised appellant of the elements of adultery—to include the terminal elements—after which appellant described how his conduct was prejudicial to the good order and discipline of the service and was service discrediting. Finally, the factual allegations within the charge and specification, along with the record of trial, sufficiently protect appellant against double jeopardy.

## CONCLUSION

We have reviewed the matters personally raised under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit. On consideration of the entire record, and those issues personally raised by the appellant, we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court