# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Master Sergeant RAYMOND J. REYNARD**
**United States Army, Appellant**

ARMY 20100351

Headquarters, Fort Riley
John Saunders, Military Judge
Lieutenant Colonel Robert A. Borcherding, Staff Judge Advocate

For Appellant:  Captain Matthew T. Grady, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Laura R. Kesler, JA; Major Richard E. Gorini, JA; Captain Matthew T. Grady, JA (on brief).

For Appellee:  Captain Kenneth W. Borgnino, JA (argued); Major Amber J. Williams, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

21 February 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of rape of a child, and one specification of indecent assault, in violation of Articles 120 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920 and 934 [2005].  Pursuant to his pleas appellant was found not guilty of a third specification of rape, but was convicted of the lesser included offense of carnal knowledge, in violation of Article 120, UCMJ (2005).  Appellant was sentenced to a dishonorable discharge and confinement for seven years.  The convening authority dismissed the carnal knowledge specification and approved the remaining findings of guilt and the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises three assignments of error, listing multiple sub-issues under these assignments. After considering the record of trial, appellant's assignments of error, the government's answer, matters submitted by appellant, and oral argument, we find that one of the sub-issues under Assignment of Error I merits discussion, but no relief.

## LAW AND DISCUSSION

Military Rule of Evidence [hereinafter Mil. R. Evid.] 414 states, in relevant part:

> (a) In a court-martial in which the accused is charged with an offense of child molestation, evidence of the accused's commission of one or more offenses of child molestation is admissible . . . . .
>
> (d) For purposes of this rule, "child" means a person below the age of sixteen . . . .

The victim in this case, LK, was born on 8 May 1990 and was no longer considered a child for Mil. R. Evid. 414 purposes as of 8 May 2006, when she reached the age of sixteen. In response to a defense motion to suppress evidence, the military judge erred in finding Charge II to be a child molestation offense. During the time period alleged in the specification, between on or about 1 May 2007 and 30 September 2007, LK was over the age of sixteen. Pursuant to Mil. R. Evid. 414, Charge II was not a child molestation offense because the alleged victim was not below sixteen. Similarly, the military judge erred in concluding appellant's alleged digital penetration of LK in 2007 was an act of child molestation and admissible under Mil. R. Evid. 414 because LK was not under sixteen at the time of the incident and therefore not a child.

The government concedes the military judge erred in both instances, but argues the military judge also correctly admitted the allegation concerning the 2007 digital penetration pursuant to Mil. R. Evid. 404(b). We agree.

The military judge found this incident was relevant to the appellant's "intent when he hugged [LK] and touched her bottom [the conduct alleged in] (Charge II). It is also relevant to show absence of mistake and indicates the [appellant's] intention to resume their sexual relationship." The military judge concluded his analysis on this issue by stating "the probative value outweighs its prejudicial effect."

2

REYNARD—ARMY 20010351

Because we find the military judge properly admitted this incident under Mil. R. Evid. 404(b) as proof of appellant's intent and absence of mistake, we will not disturb this conviction. One of the elements the government was required to prove in regards to Charge II was that appellant committed the assault with the intent to gratify his lust or sexual desires. An incident involving appellant digitally penetrating LK contemporaneously with the allegation contained in Charge II would clearly be illustrative of appellant's intent to re-engage in a sexual relationship with LK.

## CONCLUSION

On consideration of the entire record and the submissions of the parties, to include those matters raised personally by the appellant in his affidavit and pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty and the sentence as approved by the convening authority to be correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.[*]

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Appellant pleaded not guilty, without objection, to the Specification of Charge II which did not expressly allege the terminal elements of indecent assault in violation of Article 134, UCMJ. "[A] charge and specification challenged for the first time on appeal is liberally construed and will not be held invalid absent a clear showing of substantial prejudice to the accused -- such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *United States v. Roberts*, 70 M.J. 550, 553 (Army Ct. Crim. App. 2011) (quoting *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986)) (internal quotation marks omitted). *Cf. United States v. Fosler*, 70 M.J. at 225, 230 (C.A.A.F. 2011). The specification and charge can be reasonably construed to imply that appellant's conduct was to the prejudice of good order and discipline and of a nature to bring discredit upon the armed forces. Appellant was on notice of the charge against him and is protected against double jeopardy.

3